UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RONALD E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:22-CV-203-CHB |
| v. ) | |
| ) | |
| STEPHANIE SUMNER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

Inmate Ronald E. Smith ("Smith") has filed a *pro se* civil rights complaint against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]. Smith has filed a motion to proceed *in forma pauperis* [R. 3], which the Court will grant for present purposes.[1] The Court screens Smith's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

When testing the sufficiency of a *pro se* plaintiff's complaint, the Court accepts as true all non-conclusory factual allegations and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). However, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

---

[1] Such an order customarily requires the prisoner-plaintiff to pay the $350.00 filing fee, but permits him to do so in installments. *See* 28 U.S.C. § 1915(b). In light of the Court's disposition of this case, the Court will waive payment of the filing fee in this case in order to permit Smith to file a new action asserting his claims properly without incurring a second filing fee.

In his complaint, Smith alleges that he Defendants Stephanie Sumner and Ms. Lawson provided inadequate medical care to treat an injury to his right shoulder. [R. 1, p. 4]. Smith asserts that these defendants' conduct amounts to deliberate indifference to his medical needs, and he seeks relief in the form of monetary damages. *Id*. at 5, 6. Smith sues both defendants in their official capacities. [R. 1, p. 2]. Smith also names an additional defendant, Dr. Carrie Cunnigan ("Dr. Cunnigan"), in her official capacity, *id.*, but he makes no allegations against her.

The Court has reviewed the Complaint and finds that it must be dismissed for several reasons. First, while Smith names Dr. Cunnigan as a defendant, he makes no allegations regarding her acts or omissions. This is not sufficient to satisfy the federal notice pleading standard, which requires that the complaint make clear to each defendant what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights . . . ."). The claim against Dr. Cunnigan must therefore be dismissed for failure to state a claim.

More fundamentally, Smith names each of the defendants only in their official capacity. A claim asserted against a government employee in his or her "official capacity" is not, as one might suppose, a suit against the employee for his or her conduct while performing job duties for the government. Rather, it is a claim asserted against the government agency that employs the individual. Thus, an official capacity claim against an employee of the Bureau of Prisons, a federal agency, is a claim against the BOP itself. While *Bivens* authorizes suits against federal employees in their *individual* capacities for violations of civil rights, it does not establish a waiver of the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011) (*Bivens* claims may be asserted against

federal officials only in their individual capacities); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). The official capacity claims must therefore be dismissed for lack of subject matter jurisdiction. *Parks v. Reans*, 510 F. App'x 414, 415 (6th Cir. 2013) ("The United States has not waived immunity to *Bivens*-type actions," and "sovereign immunity extends to United States officials who are sued in their official capacities."). Because Smith asserts claims against the defendants only in their official capacities, all of his claims are barred by sovereign immunity, and the complaint must be dismissed with prejudice.

The Court will therefore dismiss this matter for lack of subject matter jurisdiction. Smith may file an entirely new complaint against the persons involved in their individual capacities, if he chooses to do so. Smith is advised that a complaint filed by a plaintiff proceeding *pro se* **must** be filed on a form approved by this Court. LR 5.3(a). The Court will send him the forms he will need in the event that he chooses to file a new action regarding his claims.

Accordingly, it is **ORDERED** as follows:

1. Smith's motion to proceed *in forma pauperis* **[R. 3]** is **GRANTED**.

2. Smith's Complaint **[R. 1]** is **DISMISSED with prejudice.**

3. This matter is **STRICKEN** from the docket.

4. The Clerk of the Court shall **SEND** Smith the following forms **in blank**:

    a. Civil Rights Complaint Form [Form EDKY 520];

    b. Application to Proceed in District Court Without Prepaying Fees or Costs [AO Form 240]; and

    c. Certificate of Inmate Account Form [EDKY Form 523].

This the 1st day of November, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY